The judgment of the court was pronounced by
Preston, J.
On the 12th of April, 1844, Alexander Lewis sold to David D. Jarvis a tan-yard, in the town of Franklin, with the buildings and improvements, for $682, payable in notes at one, two, three, four and five years after date, bearing eight per cent interest and secured by mortgage. Jarvis left the State without paying any part of the notes ; and in September, 1846, the plaintiff issued an order of seizure and sale against the property, praying that it might be sold on terms corresponding with the installments of the price; which the judge ordered. The clerk issued a writ of seizure and sale, conforming substantially to the prayer of the petition and order of the judge.
The sheriff advertised the property for sale on the 2d of January, 1847, for cash. He was authorized by the plaintiff’s attorney to postpone the sale to the 6th day of February, 1847, and again advertised it for sale on that day. It was on that day appraised by an appraiser appointed for the plaintiff, and one appointed by the sheriff for the defendant, and adjudicated for two-thirds its appraised value to H. C. Dwight, the money paid and the writ returned so far satisfied.
*571 The sale was treated by the plaintiff as a nullity; and lie subsequently obtained another order of seizure and sale, caused the property to be sold, and purchased it himself. He now sues to annul the sheriff’s adjudication under the first order of seizure and sale. The cause of nullity set forth in his petition is, that there was but a pretended order of seizure and sale which was an absolute nullity. So in his brief the plaintiff specifies as the cause of nullity that the order of seizure and sale issued by the clerk, did not follow the terms and conditions of the sale as granted by the judgment.
The petition for .the order of seizure and sale prayed that the property might be sold “for cash, for the sum of $154, with eight per cent interest thereon, from the 12th April, 1844, till paid; $145 20, with like interest, from the 12th April, 1846, and on a credit as follows: for the sum of $130 40, payable the 12th April, 1847 ; $127 60, payable the 12th April, 1848, and $118 80, payable the 12th April, 1849 ; which three notes are to bear eight per cent per annum interest from the time they respectively become due; which was ordered by the judge.
The writ of seizure directed the sale “ to satisfy a demand set up by Alexander Lewis against David D. Jarvis for the sum of $682, payable as follows : $150, payable one year afterdate; $118 80, payable five years after date;-$130 40, payable three years after date; $145 20, payable two years after date, and $127 60, payable four years after date, to secure the payment of which sum of $682 said Jarvis gave his promissory notes, all dated the 12th April, 1844, and payable as above stated, each note bearing eight per cent per annum interest from the time they respectively become due. So that the terms and conditions of the sale in the order and in the writ of seizure and sale are the same.
W e perceive by the sheriff’s return, although it has not been formally brought to our notice by the pleadings nor by the plaintiff’s brief, that the sheriff advertised the property for sale for cash, and it does not appear that he advertised the terms of credit. This error of the sheriff, if it existed, has not been sufficiently proved, to require us to express an opinion with regard to its effect. It may be observed, however, that within about sixty days of the sale a second installment of the price was to fall due, making with the costs a greater amount of cash than the two-thirds of the appraised value of the property at either the first or second sale. The error in the advertisement did not, therefore, cause the plaintiff any material injury. It is to be observed also, that the attorney of the plaintiff, about the day of sale, caused the property to be appraised for sale, although perhaps erroneously advertised, and thus appeared to waive the error. And it was the duty of the plaintiff and his attorney to see that the proceedings were conducted according to the requisitions of law; and as neither the defendant nor purchaser complains, the plaintiff should not be heard. The strict observance of the formalities of law in forced alienations is required rather for the defendant and purchaser of the properly than of the plaintiff. They, for all that appears, are satisfied with the legality qf the sale, and we cannot see sufficient reason for entertaining the complaint of the plaintiff.
The judgment of the district court is therefore affirmed, with costs.